SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Robin Lorenzo Thomas, Jr.,    )   No. CV 09-0490-PHX-DGC (JRI)
                              )
         Plaintiff,           )   **ORDER**
                              )
vs.                           )
                              )
CHS, et al.,                  )
                              )
         Defendants.          )
_____)

Plaintiff Robin Lorenzo Thomas, Jr., who is confined in the Towers Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc.# 1, 4.)[1] Plaintiff has filed a First Amended Petition. (Doc.# 7.) The Court will order Defendants Nurses CH 430 and CS833 to answer Count I of the First Amended Complaint and will dismiss the remaining Defendant without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/ / /

---

[1] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

## II.     First Amended Complaint

Plaintiff alleges one count regarding medical care. Plaintiff sues Maricopa County, and Nurses CH430 and CS833, who are or were employed at the Lower Buckeye Jail. Plaintiff seeks compensatory relief.

Plaintiff alleges the following facts: Plaintiff filed a medical tank order stating that his left toe was in pain, which was received by Nurse CS833 on January 6, 2009. She had Plaintiff seen by a physician because she knew he was diabetic. The doctor told Plaintiff to submit another tank order if his toe got worse. Plaintiff's toe got worse and he submitted another tank order saying his toe was swelling. Nurse CH430 set an appointment for Plaintiff to be seen by a doctor, but the appointment was postponed several times over several weeks by Nurses CS833 and CH430, although his foot was getting more infected. Plaintiff only received care for the foot when he was at the hospital for another reason and told the doctors about it. Plaintiff's foot was x-rayed to ensure the infection had not spread to the bone as a result of Plaintiff's diabetes, which could have resulted in amputation. Plaintiff had to have his toe-nail removed and was kept at the hospital for three days and given intravenous antibiotics to address his infection. Plaintiff alleges that both nurses knew that he was diabetic and had an infection, but nevertheless postponed his doctor's appointment repeatedly over several weeks.

## III.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Although Plaintiff sufficiently states a claim against Defendants CS833 and CH430, he fails to state a claim against Maricopa County. A municipality is a "person" for purposes

1  of § 1983, i.e., a municipality such as a city or county, may be sued.  See Leatherman v.
2  Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993);
3  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Nevertheless, a municipality may
4  not be sued solely because an injury was inflicted by one of its employees or agents.  Long
5  v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, to state a claim
6  against a municipality under § 1983, a plaintiff must allege facts to support that his
7  constitutional rights were violated pursuant to a policy or custom of the municipality.  Cortez
8  v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at
9  690-91; Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989)).  Therefore,
10 a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a
11 plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent
12 to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the
13 plaintiff's injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming
14 dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

15       Plaintiff fails to allege any facts to support that either of the individual Defendants
16 violated his constitutional rights pursuant to a policy of Maricopa County.  For that reason,
17 he fails to state a claim against Maricopa County.  Accordingly, it will be dismissed.

18 **IV.    Claim for Which an Answer Will be Required**

19       Plaintiff adequately states a claim for deliberate indifference to his serious medical
20 needs by Defendants Nurses CH430 and CS833 at the Lower Buckeye Jail.  Defendants
21 Nurses CH430 and CS833 will be required to respond to the First Amended Complaint.

22 **V.     Warnings**

23       **A.     Release**

24       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
25 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
26 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
27 in dismissal of this action.

28 / / /

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendant Maricopa County is **dismissed** without prejudice. (Doc.# 7.)

(2)     Defendants Nurses CS833 and CH430 at Lower Buckeye Jail must answer Count I of the First Amended Complaint.

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 7), this Order, and both summons and request for waiver forms for Defendants Nurses CH430 and CS833 at the Lower Buckeye Jail.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120

1  days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
2  is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m);
3  LRCiv 16.2(b)(2)(B)(I).

4     (6)    The United States Marshal must retain the Summons, a copy of the First
5  Amended Complaint, and a copy of this Order for future use.

6     (7)    The United States Marshal must notify Defendants of the commencement of
7  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
8  Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The
9  Marshal must immediately file requests for waivers that were returned as undeliverable and
10 waivers of service of the summons.  If a waiver of service of summons is not returned by a
11 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
12 Marshal must:

13     (a)  personally serve copies of the Summons, First Amended Complaint, and
14 this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
15 Procedure; and

16     (b)  within 10 days after personal service is effected, file the return of service
17 for Defendant, along with evidence of the attempt to secure a waiver of service of the
18 summons and of the costs subsequently incurred in effecting service upon Defendant.
19 The costs of service must be enumerated on the return of service form (USM-285) and
20 must include the costs incurred by the Marshal for photocopying additional copies of
21 the Summons, First Amended Complaint, or this Order and for preparing new process
22 receipt and return forms (USM-285), if required.  Costs of service will be taxed
23 against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules
24 of Civil Procedure, unless otherwise ordered by the Court.

25     (8)    **A Defendant who agrees to waive service of the Summons and the First**
26 **Amended Complaint must return the signed waiver forms to the United States Marshal,**
27 **not the Plaintiff.**

28

(9) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 20th day of May, 2009.

David G. Campbell
United States District Judge