**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robin Lorenzo Thomas, Jr., | No. CV 09-0490-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Correctional Health Services, et al., | |
| Defendants. | |

Plaintiff Robin Lorenzo Thomas, Jr., brought this civil rights action under 42 U.S.C. § 1983 against two nurses employed at the Maricopa County Lower Buckeye Jail (Dkt. #7).[1] Before the Court is Defendants' Motion to Dismiss for failure to exhaust available administrative remedies (Dkt. #9), which is fully briefed (Dkt. ##17, 22-24). The Court will grant Defendants' motion.

**I.    Background**

Plaintiff's claim arose during his confinement at the Lower Buckeye Jail in Phoenix, Arizona (Dkt. #7 at 1). In his First Amended Complaint, Plaintiff alleged the following facts: After Plaintiff submitted a medical tank order regarding left toe pain, he was seen by Nurse CS833 on January 6, 2009. She had Plaintiff seen by a physician because she knew that Plaintiff was diabetic. The physician told Plaintiff to submit another tank order if his toe got worse. His toe got worse and

---

[1]Upon screening, the Court dismissed Maricopa County as a Defendant (Dkt. #8).

began to swell, so he submitted another tank order. Nurse CH430 set an appointment with a physician but the appointment was postponed numerous times over several weeks by Nurses CS833 and CH430, despite his foot becoming more infected. Plaintiff ultimately received care for his foot when he was at the hospital for another reason. His foot was x-rayed to ensure the infection had not spread to the bone as a result of Plaintiff's diabetes; such an infection could have resulted in amputation. Plaintiff's toe nail was removed, he was kept in the hospital for three days, and he was given intravenous antibiotics for the infection. Plaintiff claimed that both nurses knew that he was diabetic and had an infection yet postponed his doctor's appointment repeatedly for weeks (id. at 3). The Court ordered Defendants to respond to the First Amended Complaint (Dkt. #8), and Defendants filed a Motion to Dismiss (Dkt. #9).

**II.     Motion to Dismiss**

    **A.     Defendants' Contentions**

Defendants moved to dismiss Plaintiff's First Amended Complaint for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1915e(a) (id.). In support, they submitted the affidavit of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit (Dkt. #9, Ex. A, Fisher Aff. ¶ 1). Fisher described the jail's grievance procedures, which are set out in Policy DJ-3, Inmate Grievance Procedure (id. ¶¶ 3-4, Attach. 1). According to Fisher, the three-tiered grievance system includes (1) an initial grievance and decision by the Bureau Hearing Officer, (2) the Institutional Appeal, and (3) the External Appeal (id. ¶ 4). Fisher attested that inmates are notified of the grievance procedures when they receive a copy of the "Rules and Regulations" (id.). Fisher averred that, upon review of the jail's grievance records, Plaintiff did not file any grievances related to his claim that medical appointments for his toe were cancelled or postponed (id. ¶¶ 6-7). Defendants also relied on Plaintiff's averments in his First Amended Complaint indicating that he was aware that administrative remedies were available but that he did not submit a request for relief or appeal a request for relief to the highest level (Dkt. #9 at 4, citing Dkt. #7 at 3).

In addition to the copy of Policy DJ-3 (id., Attach. 1), Defendants proffered an excerpt

from the "Rules and Regulations" (id., Attach. 2). They also submitted copies of grievances Plaintiff filed while at the jail, including medical grievances. There are no grievances related to Plaintiff's toe (id., Ex. B).

### B.    Plaintiff's Response

The Court issued the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), which informed Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Dkt. #12). When the Notice was returned in the mail (Dkt. #14), the Court issued an Order directing Plaintiff to respond to Defendants' motion and to file a notice of change of address or show cause why his action should not be dismissed (Dkt. #15).

Plaintiff filed a notice of change of address and responded to the Order by requesting that the Court deny the Motion to Dismiss (Dkt. #16-18). He explained that he was transferred to Arizona Department of Corrections (ADC) custody, which delayed all incoming and outgoing mail (Dkt. #17). The Court construed Plaintiff's filing as a request for an extension and provided time for Plaintiff to file an amended response (Dkt. #20). In his one-page amended response, Plaintiff asked that Defendants' motion be denied, and he reiterated that he had been transferred and therefore mail was delayed (Dkt. #22).

## III.    Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement

in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## IV. Analysis

Defendants must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (2005). Defendants submit evidence that a grievance system was available for Plaintiff's claim (Dkt. #9, Ex. A, Fisher Aff. ¶¶ 3-4). The evidence includes copies of numerous grievances that Plaintiff submitted on other issues, thereby demonstrating that he was familiar with the grievance procedures at the jail (id., Ex. B).

Plaintiff admitted that he did not submit a grievance for his claim (Dkt. #7 at 3). In his First Amended Complaint, Plaintiff explained that he did not grieve his claim because he had "been through grievances before and it does not help and I have proof of medical grievances from the past" (id.). An inmate's concession to nonexhaustion is a valid ground for dismissal if there is no applicable exception. Wyatt, 315 F.3d at 1120. Plaintiff's excuse does not constitute a valid exception to exhaustion because whether administrative remedies "help" or not is immaterial. Futility is not an exception to the exhaustion requirement. Booth, 532 U.S. at 741 n. 6.

The Court concludes that Plaintiff failed to exhaust available administrative remedies for his claim regarding treatment for his toe. Defendants' Motion to Dismiss will be granted, and Plaintiff's action will be dismissed without prejudice.[2]

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Dkt. #9).

---

[2] The Court rejects Defendants' assertion that Plaintiff's failure to address their arguments on the merits constitutes a consent to the granting of the motion because Plaintiff specifically opposed the motion (see Dkt. ##24, 22).

(2)    Defendants' Motion to Dismiss (Dkt. #9) is **granted**.

(3)    The Clerk of Court must dismiss this action without prejudice and enter judgment accordingly.

DATED this 8th day of December, 2009.

David G. Campbell
United States District Judge